THE ATCHISON, TOPEKA & SANTA FE RAILWAY COM-
PANY V. E. F. SPRAGUE *et al.*

No. 14,682. (87 Pac. 733.)

SYLLABUS BY THE COURT.

RAILROADS—*Injury by Fire—Duty of Company Respecting its
Right of Way.* In an action against a railway company for
damages by fire, alleged to have been caused by a defective
engine and the negligence of the company in maintaining
upon and adjacent to its right of way dry and combustible
wooden sheds and wooden buildings with wooden roofs, which
took fire from the engine, communicating it to and destroying
plaintiff's property, an instruction is erroneous which charges
that it is the duty of defendant to keep its grounds and right
of way free and clear from combustible materials and struc-
tures.

Error from Lyon district court; FREDERICK A.
MECKEL, judge. Opinion filed November 10, 1906.
Reversed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,*
for plaintiff in error; *A. A. Hurd,* of counsel.

*W. A. Randolph, J. G. Egan,* and *Buck & Spencer,*
for defendants in error.

The opinion of the court was delivered by

PORTER, J.: E. F. Sprague brought an action to re-
cover damages for the destruction of a planing-mill by
fire, alleged to have been caused by sparks from a de-
fective engine. It was claimed that the sparks ignited
wooden coal-sheds and other structures owned or con-
trolled by the railway company and located on its right
of way, and from which the fire spread to the planing-
mill. A former judgment in favor of the railway com-
pany was reversed and a new trial ordered on account
of error in the instructions. (*Sprague v. Railway Co.,*
70 Kan. 359, 78 Pac. 828.) From a judgment in favor
of plaintiff the railway company now brings error.

The petition set up the following, in addition to other acts of negligence:

"Said defendant railway company, contrary to its duty in that regard, by itself and its agents and servants, carelessly and negligently failed to have and keep its grounds and right of way in said city free and clear from dry and combustible materials, and carelessly and negligently permitted dry and combustible wooden sheds and wooden buildings, with wooden roofs, to be and remain upon its said grounds and right of way, close to its railroad-tracks, and where they were liable to and would be ignited by sparks and fire from its engines."

The court instructed the jury as follows:

"I instruct you that it was the duty of the defendant railway company to keep its grounds in close proximity to its tracks owned and held by it for use in the operation of its road free and clear from combustible material and structures, in order that fires should not be set out and communicated by its engines. And if you should find from the evidence that the defendant did not do so, but negligently permitted combustible material and structures to be and remain on its grounds in close proximity to its tracks owned and held by it for use in the operation of its road, and that the same took fire from said engine No. 2319 of defendant, and that such fire spread to the plaintiff's property and caused the fire in question, which plaintiff claims destroyed his property, and if you should also believe that the plaintiff was not guilty of contributory negligence, then your verdict should be for the plaintiff in such sum as the evidence shows he was damaged by reason of such fire."

In another instruction the jury were told that it was the duty of the railway company to exercise "ordinary and reasonable care to keep its grounds adjacent to its tracks owned and held by it for use in the operation of its road free and clear from combustible material and structures." It is seriously urged that this same instruction, in substance, was approved in *Railway Co. v. Ludlum,* 63 Kan. 719, 66 Pac. 1045. The language of the instruction in that case was as follows:

"You are further instructed that it was the duty of

the defendant to keep its right of way free from dry grass, weeds, and other combustible material, in order that fires may not be set out on the right of way by passing engines and from there communicated to adjoining farms." (Page 725.)

The instruction was approved, and was proper in that case. The claim was that the railway company permitted "dry grass, weeds, leaves and vegetation" to remain upon the right of way, and that by reason thereof the fire was communicated to the property of plaintiff. The negligence relied upon and proved here was not in permitting weeds, dry grass or rubbish to accumulate upon the right of way—something which ordinary prudence would suggest should be cleared off, and which by ordinary diligence could be removed; but the claim relied upon was, and the evidence showed, that certain wooden buildings were permitted to stand upon the right of way and that these took fire and the fire was communicated therefrom to plaintiff's property. There was no question in this case of negligence in permitting rubbish to accumulate. The things permitted to be upon the right of way were wooden buildings and structures.

In effect the instructions stated the law to be that it is negligence *per se* for a railway company to permit combustible material and structures to be upon, or in close proximity to, its right of way. It is a matter of common observation that all wooden buildings, without reference to their age or condition, are combustible. It cannot be true that a railway company is required to construct its depots, warehouses, coal-sheds and other structures of fire-proof material, or that it is guilty of negligence if it fails in this duty, or that it is negligence *per se* for a railway company to have upon its right of way buildings which are combustible.

Is the error in these instructions cured by other instructions wherein the jury were told that defendant would be liable if it "negligently permitted" combustible materials and structures to be and remain upon

its right of way? We think not. While the instructions are to be considered as a whole, the jury had been already told that it was the duty of the company to keep its right of way free from combustible materials and structures, which was equivalent to an instruction that a violation of such duty was *per se* negligence.

It is insisted, however, that the error is cured by certain findings of the jury by which the negligence of defendant company is fixed, irrespective of any negligence in reference to buildings. The findings upon which this claim is based are as follow:

"(5) Ques. Is it not a fact that switch-engine No. 2319, on the day of the fire and preceding the fire complained of, was equipped with a reasonably good, safe and approved system of apparatus for preventing the escape of fire and sparks? Ans. No.

"(6) Q. If you answer the fifth question in the negative, then please state in what respect said system of apparatus in use upon said engine was bad or defective. A. By defective netting.

"(7) Q. Is it not a fact that said switch-engine No. 2319, upon the day of the fire, and previous to the fire, was in good condition and that its apparatus for preventing the escape of fire and sparks was in good condition? A. No.

"(8) Q. If you answer the seventh question in the negative, then please state any defect that existed in said switch-engine No. 2319 at the time of and immediately previous to the fire. A. Too coarse netting for switch-engine."

"(21) Q. Did the fire originate from the improper construction of the engine, or from the faulty condition or want of repairs of said engine No. 2319? A. Faulty condition of netting."

Ordinarily, where two or more specific acts of negligence are pleaded and relied upon, a finding to the effect that one act of negligence alone existed is sufficient to support a verdict for the plaintiff, where the act of negligence found can be said to be the proximate cause of the injury. The findings and theory upon which the case was tried, however, make it apparent

37—74 KAN.

that the jury coupled two acts of negligence together as the proximate cause—the defective netting of the engine, and maintaining combustible buildings on or near the right of way. This appears from their answer to question No. 13, where they were asked, in the event they should find that the fire was caused by the negligence of defendant, to state fully in what such negligence consisted. The answer was: "By defective sheds and engines." In answer to question No. 8, with respect to what defect they found in the engine, they answered: "Too coarse netting for switch-engine."

There was evidence that a finer netting can be used on a switch-engine than a road-engine, where greater speed is required. The care required of the company to keep its engines in proper condition always depends, to some extent, upon the circumstances under which the engine is used. Switch-engines as a rule are employed in and near railroad yards, and not usually through fields where grass, weeds and other combustible rubbish naturally accumulate. The jury may not have been willing to rest their verdict on the sole ground that the netting used in the switch-engine was too coarse. In our opinion they considered the switch-engine defective in view of the highly combustible structures which they found the company negligently permitted to remain so near to its right of way, and the error in the instruction with reference to the duty imposed upon the company to keep the right of way clear from combustible structures was not cured by the separate finding that the netting was defective.

It follows, therefore, that the judgment must be reversed, and the cause remanded for another trial.

JOHNSTON, C. J., GREENE, BURCH, MASON, SMITH, JJ., concurring.

GRAVES, J. (dissenting) : I dissent from the above decision. The instruction held to be erroneous, when fairly construed, does not state that it is negligence *per se* for a railroad company to permit combustible

material and structures to be upon its right of way,
and a jury would not be likely to get such an impres-
sion from its language. The statement of the instruc-
tion is that if the railroad company negligently per-
mitted such combustible materials and structures to be
and remain on its right of way, and thereby caused the
fire, then it would be liable. When and under what
circumstances permitting such material to be on the
right of way would amount to negligence is not stated
in this instruction. The jury, however, by reference
to other instructions given would find a clear and full
statement of the measure of the company's duty in this
respect. Among these instructions are the following:

"(6) It was the duty of the defendant railway com-
pany, in order to avoid the setting out and communi-
cating of fire, to exercise reasonable and ordinary care
under the circumstances, in the design and construc-
tion of its engine No. 2319, and of the spark-arrester
and netting therein, and the same degree of care to
prevent the same from being out of repair, and the
same degree of care in the operation of the same; and
the same degree of care in using suitable fuel or coal
in the same; and the same degree of care in keeping
its right of way and its grounds adjacent to its right
of way, and in close proximity to its tracks, free and
clear of dry and combustible material and structures.
And if you should find from the evidence that the fire
in question was set out or communicated from said en-
gine No. 2319, and caught upon dry, combustible ma-
terial or buildings upon the right of way or grounds of
the defendant adjacent to said right of way, and in
close proximity to its tracks, and thence spread and
communicated to and burned the property in question
of the plaintiff, to the damage of plaintiff, and if you
should find from the evidence that said fire was caused
by a failure on the part of the defendant railway com-
pany to exercise such ordinary and reasonable degree
of care under the circumstances in any of the said par-
ticulars, then you should find for the plaintiff.

"(7) A railroad company is bound to use ordinary,
care and diligence to prevent setting out fires; that is,
such a degree of care as an ordinarily prudent and
careful person would·use under like and similar cir-
cumstances. In determining what is ordinary care

and diligence under the circumstances in this case, the jury should take into consideration all the facts and circumstances which have been developed by the evidence; the degree of care which it is incumbent upon the defendant to exercise was such a degree of care as was properly adapted to the existing facts and circumstances.

"(8) In operating a railway through the city of Emporia the defendant railway company was bound to exercise a degree of care reasonably proportioned and adapted to the risk of setting out fire and the danger therefrom. And if you should find from the evidence that there was at the place in question wooden buildings with wooden roofs on the grounds or right of way of the defendant railway company, and close to its tracks, and that there were numerous wooden buildings and much combustible material of other persons in the near vicinity, and that the weather was hot and dry, and that the risk of fire being communicated from the engines of defendant railway company and of damages therefrom were thereby increased, then it was the duty of defendant railway company to exercise a degree of care reasonably proportioned and adapted to the increased risk and danger of setting fire out from any of its engines and its catching on any such wooden buildings of defendant railway company and communicating to other property in the vicinity."

If the instruction complained of can be properly held to be erroneous when taken from the body of the instructions given and considered alone, still the other instructions so far modify it as to cure its misleading or erroneous features. The judgment should be affirmed.