JOHN W. SHORES, *Appellee,* v. THE UNITED SURETY COMPANY, *Appellant.*

No. 17,007.

SYLLABUS BY THE COURT.

1. PARTIES—*Real Party in Interest.* The action was brought to recover upon a bond given under the provisions of the mechanic's lien law for material furnished to a contractor for the erection of a school building. It is held that the evidence was sufficient to show that the plaintiff was the real party in interest.

2. INSTRUCTIONS—*Clause Similar to One Requested in Another Instruction—Immaterial Error.* An instruction containing a clause objected to by the defendant, which is in substance the same as one contained in a request made by the defendant for another instruction, is examined and held to be not prejudicial; but if it were, the defendant ought not to complain.

3. NEW TRIAL—*Newly Discovered Evidence.* Newly discovered evidence, to afford a ground for a new trial, must, among other requirements, be of such character and strength as would with reasonable probability have compelled a different decision if it had been introduced. (*Sexton v. Lamb,* 27 Kan. 432.)

Appeal from Wyandotte district court. Opinion filed April 8, 1911. Affirmed.

*James L. Hogin, T. F. Railsback,* and *Paul S. Conwell,* for the appellant.

*Enright & Screechfield,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action was brought upon a bond given by the defendant surety company under the mechanic's lien law to secure the payment of claims against a contractor. (Civ. Code, § 660.) The petition alleged a sale and delivery of stone for a school building to a contractor, and default in payment therefor. The answer contained a general denial. The plaintiff recovered, and the defendant contends that the evidence was insufficient to prove that the plaintiff was the real party in interest. It is insisted that the plaintiff's evidence conclusively proved that the material in question was furnished by a corporation, of which the plaintiff was president, and therefore a demurrer to the evidence interposed by the defendant should have been sustained.

The plaintiff's evidence tended to prove that for some time previous to the delivery of the stone a partnership, composed of the plaintiff and another person, had been engaged in quarrying and selling stone from a quarry owned by the firm. On or about May 21, 1907, the plaintiff, with his partner and others, filed in the proper office a charter of the Rockhill Stone Company and organized a corporation by that name, for the purpose, among others, of quarrying and selling stone, but the corporation never engaged in that business, and the material in question, which was delivered between June 24 and July 12, 1907, belonged to, and was sold and delivered by the plaintiff for, the partnership. On July 18, 1907, the plaintiff became the sole owner of the quarry and partnership assets by purchase and con-

38—84 KAN.

veyance from his partner. It was the intention of the partners to convey the quarry to the corporation, but upon the retirement of the plaintiff's partner the plan of carrying on the business by the corporation was abandoned and the plaintiff continued to operate the quarry until November, 1907, when he conveyed it, with the other property used in the business, to another corporation.

The fact that a corporation had been formed to carry on the business before the material was delivered does not necessarily prove that the stone was furnished by it, and the evidence upon which the defendant relies to sustain the demurrer tends to prove that it was not. The court did not err in overruling the demurrer.

The plaintiff produced evidence of an agreement by the contractor to purchase and pay for the stone, and an admission was made that he delivered it at the building. The defendant claimed, and offered evidence tending to prove, that the material in question was furnished to a subcontractor and not to the contractor, as alleged by the plaintiff. This main question of fact was determined by the verdict against the defendant, but it alleges that there was error in an instruction upon this issue. The instruction complained of was:

"If you find from the evidence that the stone in question was sold to one Carruth, as a subcontractor under L. G. Ferguson, and not to said L. G. Ferguson as contractor, *and that said L. G. Ferguson paid said Carruth for said stone,* then you will find for the defendant, even though you may find from the evidence that said Carruth did not pay the plaintiff for said stone."

The objection is to the words italicized, on the ground that if the sale was not made to Ferguson the defendant is not liable, whether Carruth was paid or not, and this is true, for the plaintiff's claim rests entirely upon a sale and delivery to the contractor. In another instruction, however, the jury were informed clearly and positively that the plaintiff was required to prove by a preponderance of the evidence that the stone was sold

by the plaintiff to Ferguson, the contractor, and that if the evidence was evenly balanced upon this issue there could be no recovery. The apparent qualification by the clause referred to in the instruction complained of may be accounted for by the fact that the defendant requested an instruction to the effect that if Carruth furnished the stone, and "Ferguson paid him all or even a part of the money due thereon," there could be no recovery, although Ferguson had actually agreed to pay for the material, unless such promise was in writing. While the instruction asked for was not given, the criticism of a clause contained in one that was given is weakened by the fact that the part objected to was in substance and effect embraced in the defendant's request. The defendant produced in evidence a receipt from Carruth to the contractor purporting to acknowledge payment for the stone in question. This tended to support the defendant's contention that the stone was furnished to Carruth instead of the contractor, and may have led to the insertion of a clause in the request and in the instruction complained of that might well have been omitted. Waiving, however, the origin of the clause objected to, the issue was so clear upon the main question that it is not perceived how the jury could have been misled or the defendant prejudiced.

A motion was made for a new trial, based upon newly discovered evidence. The affidavits are voluminous, and contain much that bears remotely if at all upon the issue. An affidavit of Carruth contains the general statement that he agreed with Shores for the purchase of the stone and that he purchased all the stone furnished by Shores down to July 27. He does not say that he was present at the conversation constituting the agreement upon which the plaintiff relied, which was testified to by him and another witness. The most that can be claimed for the proposed testimony of Carruth is that it would tend to corroborate the testimony of the contractor that there was no such conversation.

or agreement, but it is indirect and inconclusive. Among the rules governing the allowance of new trials because of newly discovered evidence is the one requiring that the proposed testimony must be of such character and strength as would with reasonable probability compel a different decision. (*Sexton v. Lamb,* 27 Kan. 432; *Brown v. Wheeler,* 62 Kan. 676.) We agree with the district court that the testimony presented in Carruth's affidavit is insufficient for this purpose.

Another affidavit was that of the plaintiff's former partner, tending to show that the stone was furnished by the corporation. No reason is given why this evidence, if deemed material, was not discovered before the trial. (*Wilkes v. Wolback,* 30 Kan. 375.) Besides, it is not regarded as very important. Further reference to the affidavits is unnecessary.

The judgment is affirmed.