Rohr v. Reidel.

No. 23,357.

MATT ROHR, *Appellee*, v. P. J. REIDEL, *Appellant*.

SYLLABUS BY THE COURT.

1. ASSAULT AND BATTERY—*Damages—Ownership of Corn.* Where a seller promised another that he might have a load of corn when the seller had acquired it, no agreement was made as to the quality or price of the corn, and no payment therefor made, the proposed purchaser cannot be regarded as the owner of the undelivered corn. A requested instruction that the proposed purchaser was the owner of the corn and had a right to resist by force an attempt of another to take possession of it was properly refused.

2. SAME—*Admissions by Defendant—Instructions.* No error was committed in an instruction given to the jury that the fact of an assault admitted by the defendant might be taken as established without other proof.

3. SAME—*Instructions.* Nor did the court err in instructing the jury that the defendant was not warranted in striking the plaintiff and in the use of force to prevent him from taking the corn about which the controversy arose.

4. SAME—*Special Findings—Evidence.* The special findings of the jury are held to be supported by sufficient evidence.

5. SAME—*New Trial—Newly Discovered Evidence.* A new trial should not be awarded on account of newly discovered evidence where such evidence is immaterial or where there is no reasonable probability that if introduced it would compel a different verdict.

Appeal from Graham district court; CHARLES I. SPARKS, judge. Opinion filed December 10, 1921. Affirmed.

*F. D. Turck, James O. McVey,* both of Hill City, and *Herman Long,* of Wa Keeney, for the appellant.

*W. L. Sayers,* and *J. S. Parker,* both of Hill City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Matt Rohr recovered damages from P. J. Reidel for assault and battery, and defendant appeals.

The altercation between the parties arose over a dispute as to the purchase and possession of corn which the Farmers Elevator had promised to sell to each of them. Jason Griffith, the manager of the elevator had previously promised that Reidel might have the first load of corn that came into the elevator. Shortly after the corn was brought in, Griffith sent a notice to Reidel that he could come and get the corn, but the price or terms of sale were not agreed upon. Reidel drove to the elevator to obtain the corn, but it appears that on the morning of the same day Rohr had called up the elevator and asked if there was any corn for sale and was told by John Mellinosky, who was in charge of the elevator that day, that he could

have a load of corn. It appears that Griffith had occasion to leave town for the day and he had left the elevator in charge of Mellinosky. Rohr went to the elevator, where his wagon was weighed, and drove upon the dump to receive the corn. About that time Reidel arrived and he went into the office of the elevator and insisted that he had been promised the load of corn. Meantime Rohr had opened the spout and about four bushels of corn had run into his wagon when Mellinosky directed him to stop loading, and then he closed the spout but insisted that he was entitled to the corn or to payment of the expense of his trip in coming after it. A heated discussion then occurred between the defendant and Rohr, and finally defendant climbed into Rohr's wagon, struck him and pushed him out of the wagon, causing the injuries for which the action was brought.

The first complaint of the defendant is the refusal of the court to give a requested instruction to the effect that defendant was the owner of the corn, and that as plaintiff was attempting to take possession of it without defendant's consent, the defendant had a right to resist the attempt by force, providing he used no more force than was reasonably necessary for that purpose. No error was committed in the refusal. The corn was still owned by and in the possession of the elevator. While defendant had been told that he could have a load of corn, the title to it had not been transferred to the defendant. Griffith did not even have the corn when the promise was made. The quality or price of it had not been mentioned and of course payment therefor had not been made. Under no legal theory can it be held that the defendant was the owner of the corn.

For the same reasons there was no error in refusing to submit special questions based on the theory that defendant was the owner of the corn. More than that, the plaintiff was not in the act of taking the corn when the assault was made upon him. Prior to that time he had closed the spout and ceased loading corn at the request of Mellinosky. The assault occurred sometime after the spout was closed and after a wordy dispute as to the respective rights of each to the corn. It was admitted by defendant that plaintiff had desisted from loading corn before he climbed upon plaintiff's wagon and had assaulted him, and hence there was no excuse for the assault under any legal theory when it was committed.

Complaint is also made of the instructions given by the court. In one of these the court told the jury in effect that as the defendant

had admitted that he had assaulted and struck the plaintiff, that fact might be taken as established. As the testimony of defendant was an admission of an unlawful assault by striking the plaintiff, the instruction was not erroneous.

The same is true as to instructions that the defendant was not warranted in the use of force to prevent plaintiff from getting corn from the elevator and that under the evidence the defendant was not warranted in striking the plaintiff and throwing him from the wagon. Disputes as to the possession of property cannot be properly or legally settled by force and violence.

With their general verdict the jury returned special findings to the effect that plaintiff had sustained an injury to his right shoulder as a result of the assault and that the injury consisted of a fractured bone, torn ligaments, or both. There is a contention that these findings are not supported by the evidence. It must be conceded that there was some evidence fairly tending to uphold the findings, and while it is claimed that the evidence was untrue or unworthy of belief, the argument presented is that the weight and preponderance of the evidence is against the findings rather than there is no supporting evidence. Under the rules that obtain on an appeal the findings, approved as they were by the trial court, must be held to have sufficient support.

Upon a motion for a new trial some evidence was offered by defendant for the purpose of showing that the injury sustained by plaintiff resulted from being thrown from a horse after the present action was begun, but even if it is to be treated as newly discovered and there had been no lack of diligence of producing the same at the trial, it is not deemed to be sufficiently material to warrant the granting of a new trial. It has been held that—

"Newly discovered evidence, to afford a ground for a new trial, must, among other requirements, be of such character and strength as would with reasonable probability have compelled a different decision if it had been introduced." (*Shores v. Surety Co.*, 84 Kan. 592, syl. ¶ 3, 114 Pac. 1062.)

The judgment is affirmed.