JOSEPH A. ALLING AND ANOTHER *vs.* WILLIAM L. COOK.

The defendant hired of the plaintiffs a portable steam engine for grinding apples. He had a large quantity of apples on hand, and, his own machinery failing, it was necessary for him to procure such an engine immediately to save them. In a suit for the use of the engine the parties were at issue only as to the price agreed to be paid, the plaintiff claiming it to be $25 for two weeks and $2 a day so long as it was kept beyond that time, and the defendant that it was to be $25 for the whole use without reference to time. Held that evidence offered by the defendant of the market value of the engine was not admissible for the purpose of showing the probability that the contract was as he claimed it to be.

In the circumstances in which the engine was hired the market value of it would throw no light upon the question which of the two prices the defendant agreed to pay.

CIVIL ACTION to recover for the use of a portable steam engine; brought originally before a justice of the peace, and, by the appeal of the defendant, to the Court of Common Pleas of Hartford County, and tried in that court to the jury before *Calhoun, J.* Verdict for the plaintiffs and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*C. E. Perkins* and *S. P. Newell*, in support of the motion.

*C. H. Briscoe*, contra.

CARPENTER, J. This action was brought to recover for the use of a portable steam engine. The use was under an express contract, and the only question between the parties was, what was the contract?

The plaintiff claimed that he was to receive the sum of twenty-five dollars if the time did not exceed two weeks, and the sum of two dollars per day additional for the time exceeding two weeks. The defendant claimed that he was to pay twenty-five dollars for such time as he should require it, whether a shorter or longer time than two weeks. He kept it about two months.

The defendant offered evidence to show "the condition and value of the engine and boiler, for the purpose of showing the comparative probability of the claims of the plaintiffs and defendant as to the contract which was made." On the plaintiffs' objection this evidence was excluded.

It will be observed that the parties were not at issue as to the terms of a contract of sale. Hence the authorities cited by the defendant, that the market value of the thing sold in such cases may be proved "as showing a probability which party is right," do not apply. The value of its *use* is a very different question, and that is not necessarily affected by its market value. A party may be so situated that the use of an article may be worth much more to him than its market value. In this case the use of the engine for the time being was very important to the defendant. He was in the business of making cider, and the motion states that he had "three thousand bushels of apples on hand, that his motive power became useless, and that it was necessary that he should immediately obtain a steam engine and boiler to save his fruit and continue work at his mill." In this state of his affairs he agreed, according to his own claim, to pay twenty-five dollars for its use for a term which he thought would not exceed two weeks, which in that event would have been more than two dollars per day. Hence the market value of the engine would throw no light on the question whether he agreed to pay twenty-five dollars for twelve days' use and two dollars per day for the few

days required in excess of that time, or twenty-five dollars for the whole time that might be required.

A new trial is not advised.

In this opinion the other judges concurred.