MATHIAS HARROW *vs.* ST. PAUL & DULUTH RAILROAD COMPANY.

February 27, 1890.

Damages for Destruction of Chattel — Market Value, how Proved.— Upon an issue in respect to the value of a chattel, in an action to recover for the destruction thereof, the measure of damages is its market value. Evidence of its intrinsic qualities is not, as a rule, alone sufficient to establish such value. Additional evidence is required, and that which is commonly received is evidence of the opinions of witnesses shown to be competent to speak on the subject, and which is to be considered and weighed by the jury in connection with the evidence of the description of the property.

Same—Value of Horse—Jury's Estimate based on Description.—In an action to recover the value of a horse, *held* error to instruct the jury that they might find its value upon a description thereof given by witnesses, and from their own general knowledge of the value of horses, without additional evidence.

Appeal by defendant from an order of the district court for St. Louis county, refusing a new trial after a trial before *Stearns, J.,* and verdict of $195.58 for plaintiff.

*James Smith, Jr.,* and *H. Oldenburg,* for appellant.

*H. H. Hawkins* and *S. E. Cheeseman,* for respondent.

VANDERBURGH, J. 1. There is sufficient evidence that the horse for the value of which this action is brought, was killed on the line of defendant's road by one of its trains, and beyond the limits of the depot-grounds. There is also evidence tending to show that the cattle-guard above or beyond which the horse was found after he was killed was insufficient to prevent him from passing over to the place where the injury probably occurred, and that the defect was one of

construction. So that, for the purposes of this appeal, there is evidence sufficient to show that the injury complained of resulted from the negligence of the defendant. This disposes of the first assignment of error; and the point that plaintiff was guilty of contributory negligence in allowing his horse to run at large near the track is not assigned as error, nor included in any assignment made.

2. The only remaining question of any importance is embraced in the fourth assignment, relating to alleged errors in the charge of the court excepted to by the defendant. The particular portion of the charge objected to is the instruction in respect to the sufficiency of the evidence to warrant a verdict for the damages claimed, that is to say, the value of the horse, which is alleged in the complaint to have been $200. No witnesses were called upon the question of value, and the issue as to the damages was submitted to the jury solely upon the evidence of the intrinsic qualities of the animal. As the particulars of the description showed its size, weight, age, etc., and as it appeared to be sound and well broken, it would be apparent that it must have been of considerable value; but this was not, alone, sufficient to form the basis for the verdict of a jury in respect to his fair market value, which is the proper measure of damages in the case, and the general rule is that there must be other evidence on the subject. Evidence of what an article cost, or what it sold for, in a *bona fide* transaction, is *prima facie* evidence of its value; but that which is most commonly received, and which is admitted *ex necessitate*, is the testimony as to its market value of witnesses who are shown to be competent to speak by reason of special knowledge on the subject, which it may be supposed the jury do not have. This evidence is generally received together with evidence of the intrinsic value of the property, and is to be placed on the same footing as other evidence in estimating its weight and value; and the jury, in determining the issue, are to form their estimate upon all the evidence bearing on it, and in doing so may, as in other cases, apply their own practical judgment, and general knowledge, upon the subject of inquiry. *Stevens* v. *City of Minneapolis,* 42 Minn. 136, (43 N. W. Rep. 842,) and cases; *Johnson* v. *Hillstrom,* 37 Minn. 122, (33 N. W. Rep. 547;) *Anthony* v. *Stinson,* 4 Kan. 211, 222; 1 Whart. Ev. § 447. The fact

that, in special cases, juries might arrive at a fair and just conclusion without special evidence in respect to the market value, or that juries may be embarrassed by the unreliability or divergent opinions of witnesses, is not sufficient to warrant the courts in setting aside a rule which experience has found to be necessary and important in the trial of actions for damages. We are of the opinion, therefore, that, in charging the jury in this case that they might find the value of the property in question as described to them from their own general knowledge of the value of horses, without additional evidence on the subject, the court erred. The order denying a new trial is accordingly reversed.