L. W. HINDMAN v. ASKEW SADDLERY COMPANY.

No. 555. (57 Pac. 1050.)

1. CONVERSION OF GOODS—*Right of Possession—Pleading.* A petition in an action for the conversion of personal property states a cause of action, even though it appear that at the time the cause of action accrued a third party held an unsatisfied prior mortgage on the property by which he might have a right of possession.

2. ——— *Evidence of Value—Competent Witness.* In such action, a witness who had charge of the goods prior to the execution of the mortgage and the levy of the execution thereon, assisted

in the sale of the property, and knew all about the stock of goods, its cost, value, and what it actually brought on the market, is competent to testify to the value of the property.

3. NEW TRIAL—*Newly Discovered Evidence.* A party cannot procure a new trial upon the ground of newly discovered evidence where such newly discovered evidence is to be found in the testimony of the witnesses who were upon the stand at the trial of the case, and where an opportunity was given, but not embraced, to procure such evidence.

Error from Douglas district court; A. W. BENSON, judge. Opinion filed July 18, 1899. Affirmed.

*Jackson & Jackson, George J. Barker,* and *Louis C. Poehler,* for plaintiff in error.

*D. S. Alford,* and *F. J. Savage,* for defendant in error.

The opinion of the court was delivered by.

McELROY, J.: This action was brought by the Askew Saddlery Company against L. W. Hindman for the conversion of a stock of saddlery and harness. A trial was had, resulting in a judgment for the plaintiff in the sum of $164.24. A motion for a new trial was overruled, and the defendant, as plaintiff in error, presents the case to this court for review.

The principal facts as disclosed by the record are as follows: One Susie Sands, on January 7, 1896, was engaged in the saddlery and harness business under the name of Sands & Co., at Lawrence; on that date she mortgaged her stock of merchandise to various parties, as follows: A first mortgage to Guy Bennett for $385.75; a second to Belle Sands for $352.16; a third to M. Abernathy for $200; and a fourth to Askew Saddlery Company, Atchison Saddlery Company, and three other mortgagees named, to secure an aggregate of $1002.33.

The Atchison Saddlery Company refused to take under the mortgage. On the 11th day of January, 1896, the stock of goods described in all the mortgages was in the possession of H. S. Clarke, as agent for the first three mortgagees named. The Atchison Saddlery Company obtained an order of attachment in the district court in an action then pending against Susie Sands, which was levied by Hindman, the plaintiff in error, who was sheriff, upon a portion of the mortgaged goods, of the value of $498.06; the goods were taken from the possession of Clarke into the possession of Hindman; he retained possession until after the 29th day of January, 1896, but did not remove them from the building they were in when seized. The amount due upon the fourth mortgage, to defendant in error and others, exclusive of the claim of the Atchison Saddlery Company, was $565.20, and the value of the whole stock mortgaged was $1200.

On the 29th day of January, 1896, and while the goods were in possession of Hindman, the defendant in error demanded possession of the same under the fourth mortgage, which demand was refused. Only one other of the creditors included in the fourth mortgage took any legal action against the sheriff; at the time of the rendition of its judgment the court gave these two creditors judgment for the full value of the goods, less the interest of the prior mortgagees therein, but at the hearing upon the motion for a new trial, with consent of these creditors, modified the judgment by giving them that share of the value, less the interest of the prior mortgagees, that their separate demands bore to the total amount of the demands of all the creditors secured by the fourth mortgage.

The first question presented by the assignments of

error is that the court erred in overruling the defendant's objection to the introduction of evidence.   It is contended that the petition does not state facts sufficient to constitute a cause of action, for the reason that there was attached a copy of the first three chattel mortgages which show that the Askew Saddlery Company's mortgage was subject to that of Bennett, Sands and Abernathy; that the petition, to constitute a cause of action, should state that these prior mortgages have been discharged; otherwise it shows that the prior mortgagees are entitled to possession of the property, and not plaintiff.   That there were outstanding mortgages prior to that of the defendant in error is no defense.   The plaintiff in error was not holding under either of the prior mortgages, but held in opposition to them.   (*Rankine v. Greer, Adm'r*, 38 Kan. 343, 16 Pac. 680.)

It is also contended that the court erred in admitting incompetent testimony.   It is here contended that the court erred in permitting one Sands to testify : "Ques. Will you please state what the fair market value of that stock of goods, described in that chattel mortgage, was at the time of the order of attachment in the Atchison Saddlery case was levied upon a portion of that stock.   (Objected to as incompetent and irrelevant.)   Ans. About $1400."   The contention made is that this testimony called for the conclusion of an expert witness, and that no proper foundation had been laid.   Technically, the objection made in the trial court did not present this question.   It appears that Sands had charge of the goods prior to the execution of the mortgages and levy of the execution thereon; that he afterward assisted to sell the goods as agent for the mortgagees, and that he knew all about the stock of goods, its cost, its value, and what it actually

brought on the market. His evidence was not the opinion of an expert, but was based upon actual facts within his knowledge. The testimony was competent, and properly admitted.

The next claim is that the court erred in finding that the goods seized by the sheriff were of the value of $498.06 at the time of the seizure and when demand was made, and that the value of the entire stock of goods was $1200. It contended that there is no evidence to show the value of the goods seized. The appraisement made by the sheriff at the time he seized the goods was offered in evidence, and is *prima facie* evidence of value as against the sheriff. The appraisement is not copied in the record, and we must therefore presume that the finding of fact is supported by the evidence. The evidence as to the value of the stock of goods is conflicting; witnesses place the value at from $900 to $1400; $1200 is as likely the actual value of the goods as any amount which could be determined from the evidence; it appears that the goods sold for about $1400, the expense of selling them being something less than $200. No witness gives any definite amount of expenses connected with the selling of the goods. The value as found by the trial court seems to be a fair value of the goods under the testimony. Such finding is supported by the evidence, and, we think, by the weight of the evidence.

It is next contended that the court erred in rendering judgment against plaintiff in error. Upon the findings of fact, the court very properly rendered judgment against plaintiff in error. He contends that the goods attached by him were never removed from the possession of Clarke. He levied upon and took the goods into his possession January 11, 1896; he had possession of the same when the defendant in error

demanded possession ; what afterward became of the goods does not appear. The court rendered judgment for the proportionate share only of the value of the property in excess of the prior mortgages.

Finally, it is contended that the court erred in overruling the motion for a new trial. The argument upon this assignment of error is confined to the question of newly discovered evidence. Plaintiff in error relies upon two affidavits in support of this contention. One is the affidavit of L. C. Poehler, an attorney in the case, who testified that he had a conversation with J. G. Sands, a witness ; that the witness stated that he had been mistaken in his testimony in regard to the amount of money left over from the proceeds of the stock after paying the claims of Bennett, Sands and Abernathy and the expenses ; that the amount was about $85, and not $200 or $300, as testified. Sands was a witness on the trial of the case for both plaintiff and defendants ; if he testified to the amount of money left after paying the three mortgages, we are. unable to find such testimony in the record. There were no questions asked or answered as to the amount of money realized for the goods in excess of these claims, nor was the witness examined on that question.

Plaintiff in error also filed the affidavit of H. S. Clarke, in which he testified that, after paying the claims of Bennett, Sands, and Abernathy, and the expense of sale, there remained in his hands about $85 ; that he had charge of the sale of the goods ; and that the goods were sold for their reasonable market value. This man was also a witness. From his testimony it was apparent that he could give information upon the proposition if he had been questioned, but he was not asked any question tending to elicit this testimony.

It is the duty as well as the privilege of an attorney to examine a witness upon the stand so as to elicit all the information necessary to establish the truth of the matters in controversy known to the witness. The privilege and duty seem to have been neglected so far as these witnesses were concerned. A party cannot procure a new trial upon the grounds of newly discovered evidence where such newly discovered evidence is to be found in the testimony of witnesses who were upon the stand at the trial of the case, and an opportunity given, but not embraced, to procure such evidence at the trial. These witnesses were each examined sufficiently to show that they possessed the information sufficient to give testimony now sought to be established as newly discovered evidence, yet they were not examined upon that particular proposition. This testimony is cumulative; both parties introduced evidence upon the issue in the trial of the case. The motion for a new trial was properly overruled.

The judgment is affirmed.