No. 18,667.

L. E. TAYLOR, *Appellee*, v. B. J. CROSSWHITE, *Appellant.*

HEADNOTE BY THE REPORTER.

AUTOMOBILE—*Future Reduction in Price—Agreement to Refund —Evidence.* Where an automobile company agreed to refund to a purchaser the difference between the price of the car purchased and any reduced price the same car might sell for on the market before a specified date, newspaper advertisements and proofs of reductions in price at other places were competent evidence to establish such reduced selling price.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed March 7, 1914. Affirmed.

*E. J. Sheldon,* and *S. J. Shively,* both of Paola, for the appellant.

*Alpheus Lane,* and *M. A. Lane,* both of Paola, for the appellee.

*Per Curiam:* The contract contained no restrictions as to place, and expressed what the parties clearly had in mind, namely, the regular selling price of automobiles of the kind the plaintiff purchased. Therefore newspaper advertisements and other proof of reductions in price at other places than Paola were properly received in evidence to establish the plaintiff's cause of action. Crosswhite's admission that the selling price of cars of the kind sold the plaintiff was reduced to one thousand dollars in the latter part of 1910 concludes him.

The contract purports to bind the firm to refund. Crosswhite's admission that his partner was acting for the firm when he sold the plaintiff his car concludes him on the question of authority and on the question whether it was an individual or firm transaction.

There is no question of estoppel in the case, either in the pleadings or in the proof. The plaintiff could demand compliance with the contract at any time within the statute of limitations.

The judgment is fully sustained by the law and by the evidence, and it is affirmed.