No. 18,726.

JOHN T. HOLLINGER, *Appellee,* v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. RAILROADS—*Fires—Missouri Statutes—Damages Compensatory—Statute Enforceable in Kansas.* The statute of the state of Missouri making railroad corporations responsible in damages for loss by fire communicated by their engines is compensatory and remedial and may be enforced in an action for such damages prosecuted in this state.

2. SAME—*Fire from Engine—Evidence—Same Engine Throwing Fire at Other Times.* The property burned was a chocolate factory and its contents. There was evidence that the fire originated soon after a mixed train passed the factory going east early in the morning and that the engine was working steam when it passed. Evidence that the same engine when going west the evening before threw fire when working steam was admissible.

3. SAME—*Loss of Building—Competent Evidence to Prove Value.* The plaintiff purchased materials, machinery, and other ar-

ticles and constructed and equipped the factory, paying the cost, freight, labor, and expense of installation. Schedules of the items were attached to the petition. The plaintiff testified to the value of the plant, taking into consideration, with other things, the items and aggregates of the schedules. *Held,* he was a competent witness and his testimony was properly received.

4. SAME—*Cost an Element of Value of Building.* The case is the common one in which the property destroyed was not bought and sold on the market, had no market value, and consequently could not be valued by that standard. In such cases the real value is to be ascertained from such data as may be available. Cost is an element of such value, and a person having knowledge of the elements involved may testify to them and give his estimate of value.

5. SAME—*Value of Household Goods—Competent Evidence.* The same principles apply to the proof offered of the value of certain household goods, clothing, pictures, and other personal articles which were in the factory when it burned.

6. SAME—*Verdict and Judgment Sustained by Evidence.* Findings that the fire was communicated by the engine referred to and of damages closely aproximating the totals of the schedules attached to the petition were sufficiently sustained by the evidence.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed March 6, 1915. Affirmed.

*W. W. Brown, James W. Reid,* both of Parsons, and *R. E. Coughlin,* of Paola, for the appellant.

*Frank M. Sheridan,* and *Bernard L. Sheridan,* both of Paola, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover damages for the loss of property destroyed by fire communicated by an engine of the defendant. The plaintiff recovered and the defendant appeals.

The property destroyed was a chocolate factory and its contents located at West Line, Cass county, Missouri. The action was prosecuted under a statute of the state of Missouri which reads as follows:

"Each railroad corporation owning or operating a

railroad in this state shall be responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon the railroad owned or operated by such railroad corporation, and each such railroad corporation shall have an insurable interest in the property upon the route of the railroad owned or operated by it, and may procure insurance thereon in its own behalf for its protection against such damages." (1 Rev. Stat. of Mo. 1909, § 3151.)

The defendant invokes the rule that the courts of one state do not enforce the penal laws of another state. This court concurs in the view that the statute is compensatory and remedial, expressed by the supreme court of Missouri in the case of *Campbell v. The Mo. Pac. Ry. Co.*, 121 Mo. 340, 25 S. W. 936. The rule invoked applies only to statutes entirely penal. (*Machinery Co. v. Smith,* 87 Kan. 331, 124 Pac. 441.)

The fact that the fire was communicated by the defendant's engine was vigorously contested. The fire occurred a short time after a mixed train drawn by engine No. 156 passed the factory going east early in the morning. The same engine going west the evening before threw fire when working steam. The defendant argues that proof of this fact was inadmissible, citing the case of *Sprague v. Railway Co.*, 70 Kan. 359, 78 Pac. 828. The Sprague case dealt with the admissibility of proof that engines other than the one identified emitted sparks. In the opinion it was said:

"It may always be shown that the identified engine set other fires immediately before or after the fire of which complaint is made." (p. 368.)

The defendant argues further that before such evidence should be admitted there should be proof of substantial identity of conditions, such as grade, load, and the like. In the case of *A. T. & Santa Fe Rld. Co. v. Stanford,* 12 Kan. 354, it was said:

"All that is necessary in such a case is, that one or

more of the essential elements in each of the proving facts shall be like one or more of the essential elements in the final fact to be proved." (p. 374.)

In this case the essential fact common to the two incidents was the working of the exhaust, which causes sparks and cinders to fly.

The defendant presented evidence showing that the movement of the train was generally down grade, that steam is not worked when going down grade, and that the construction of the engine was such that it was impossible for it to throw fire unless working steam. The plaintiff produced proof that the engine was working steam when it passed the factory shortly before the fire was discovered, and produced proof of conditions accounting for the use of steam at that time and place.

The condition of the engine causing the fire was disputed, the weather conditions were disputed, and the combustibility of the materials where the fire originated was disputed, but, all the circumstances considered, an inference that the fire was communicated by the engine was legitimate.

The plaintiff was induced, by a motion of the defendant asking that it be done, to itemize his loss. Schedules were attached to the petition showing the materials used in constructing the factory building, their cost including freight, and the labor cost of erecting the building; showing the machinery placed in the building, its cost including freight and the cost of installation; and showing stock supplies, household goods, stationery, clothing, and other articles contained in the building, all duly itemized and valued. The plaintiff was the only witness on the subject of damages, the defendant not seeing fit to controvert his testimony. While the plaintiff testified in terms as to the market value of the factory as it stood, erected and equipped for operation, at the time of the fire, it did not appear that there was a market for chocolate fac-

tories in West Line, or in western Missouri, or elsewhere. In the nature of things there could not be, and the plaintiff testified that in estimating value he took into consideration, with other things, the specifications of his schedules, and arrived at an aggregate value by footing his schedules. The defendant argues that the witness was incompetent, and that the cost of constructing and equipping the factory could not be considered in proving value.

The case is the common one in which the property destroyed was not bought and sold on the market, had no market value, and consequently could not be valued by that standard. In such cases the real value is to be ascertained from such data as may be available. Cost is an element of such value, and a person having knowledge of the elements involved may testify to them and give his estimate of value.

Authorities are numerous. A good discussion of the subject may be found in a note in 62 Am. St. Rep. 791. Recent cases are, *Fire Ass'n of Philadelphia v. Farmers' Gin Co.*, 39 Okla. 162, 134 Pac. 443, decided in 1913, involving the destruction of a cotton gin and the machinery which it contained, and *Murray v. Postal Telegraph-Cable Co.*, 210 Mass. 188, 96 N. E. 316, decided in 1911, involving the loss of a woman's made-to-order gowns. A leading case is that of *J. T. & K. W. Ry. Co. v. P. L. T. & M. Co.*, 27 Fla. 1, 9 South. 666, 17 L. R. A. 33, involving the destruction of a hotel and other buildings by fire communicated by a railway engine. In the opinion it was said:

"Wherever there is a well known or fixed market price for any property, the value of which is in controversy, it is proper in establishing the value to prove such market value; but in order to say of a thing that it has a market value, it is necessary that there shall be a market for such commodity; that is, a demand therefor, an ability, from such demand, to sell the same when a sale thereof is desired. Where, therefore, there is no demand for a thing—no ability to sell the same—then it can not be said to have a market

value 'at a time when, and at a place where' there is no market for the same. . . . In actions of this kind where the *value* of the properties destroyed is the criterion of the *amount* of damage to be awarded, and the property destroyed has no market value at the place of its destruction, then all such pertinent facts and circumstances are admissible in evidence *that tend* to establish its real and ordinary value at the time of its destruction; such facts as will furnish the jury, who alone determine the amount, with such pertinent data as will enable them reasonably and intelligently to arrive at a fair valuation; and to this end the original market cost of the property; the manner in which it has been used; its general condition and quality; the percentage of its depreciation since its purchase or erection, from use, damage, age, decay, or otherwise, are all elements of proof proper to be submitted to the jury to aid them in ascertaining its value. And to establish value in such cases the opinions of witnesses acquainted with the standard value of such properties, are properly admissible. . . . Judge Cooley, in *Continental Ins. Co. v. Horton,* 28 Mich. 175, in speaking of evidence based on a knowledge of the purchase price of property, says: 'The objection that the daughter of the plaintiff was allowed to testify to the value of articles burned, without having been shown to possess the proper knowledge to qualify her to speak as an expert, was not well taken. She testified that she bought a good many of the articles, and was present when others were bought. On this evidence she had some knowledge of values which it was proper she should communicate to the jury. The extent of that knowledge, and its sufficiency as a basis for a verdict, were to be tested by her examination, and by the good sense and judgment of the jurors.' " (pp. 120-122.)

The whole subject is covered by the decision of the following very simple case:

"The hay-rack was new. The appellee bought the material and made it himself, and to suit himself. It is not probable that he could have sold it for a fraction of what it cost. There was no person engaged in the business of dealing in such things, and so he very properly added the cost of the material to the value

of his labor in making it, and gave the sum total as the value of the hay-rack." (*U. P., Denver, etc., Ry. Co. v. Williams,* 3 Colo. App. 526, 529, 34 Pac. 731.)

The same principles have been recognized by this court. In the case of *A. T. & S. F. Rld. Co. v. Stanford,* 12 Kan. 354, it was said that property may have a value for which the plaintiff may recover if it be destroyed, although it may have no actual market value. In the case of *K. C. & S. F. W. Rld. Co. v. Ehret,* 41 Kan. 22, 20 Pac. 538, the question related to the value of a farm, a portion of which was condemned for a railroad right of way. In the opinion it was said:

"It is claimed that only such witnesses as know the *market* value of the land in question should be permitted to give opinions concerning its value, and that such opinions should be confined exclusively to *market* value. Now, this claim is certainly untenable. It is not the *market* value merely that is in question, nor the usable or productive value, but it is the *real* value. And this real value involves everything that tends to make the land more valuable or less valuable." (p. 23.)

In *Insurance Co. v. Payne,* 57 Kan. 291, 46 Pac. 315, it was said that it may be proper to inquire into the cost of a building as tending to show its value, from the necessities of a particular case, and it was held that if witnesses to the worth of a building are shown, on cross-examination, to have little knowledge of the subject, the fact affects the weight of the evidence only, which should not be excluded on that account. In *Carey v. Concrete Co.,* 88 Kan. 515, 518, 129 Pac. 191, it was held that the price is some evidence of value. In this case, the plaintiff, having purchased the material, machinery, and other articles, and having constructed and equipped the building, was a competent witness.

The principles just discussed apply to the proof of the values of certain household goods, clothing, pictures, and personal articles for which the jury allowed the plaintiff $225. Such articles are practically worthless as marketable commodities, but have an intrinsic value to the owner, which should be made good to him when

destroyed by one responsible for the damage. The owner should not recover more than they are worth because they belong to him, but market price is not a just criterion.

The plaintiff complains that some articles are duplicated in the plaintiff's schedules. A careful scrutiny of the testimony leads to the conclusion that the complaint is not well founded. Complaint is made because certain items were included in the schedules. While the verdict of the jury corresponds closely to the totals of the schedules, the plaintiff was not permitted to prove his damages item by item, and the proof of loss in the form in which it was given was such as to authorize the verdict of the jury.

The judgment of the district court is affirmed.