Boddington v. Kansas City.

No. 19,411.

JOHN C. BODDINGTON, *Appellant*, v. THE CITY OF KANSAS CITY, *Appellee.*

SYLLABUS BY THE COURT.

1. CITY—*Duty to Keep its Streets Reasonably Safe for Travel— Duty of Traveler to Exercise Reasonable Care Not to Get Hurt.* While it is the duty of a city to use reasonable care to keep its streets safe for travel, and while one driving over such streets has a right to assume that this duty has been performed, still- he must for his own protection exercise such care as ordinarily careful persons would use under like circumstances.

2. SAME—*What Constitutes Ordinary Care.* What constitutes ordinary care, including the use of one's senses, must be governed by the circumstances of each case, and what would be carelessness on the part of one driving in the daytime might be prudent and cautious when driving in the nighttime.

3. PERSONAL INJURIES—*X-ray Photograph as Evidence—Proper.* The use of an X-ray photograph of a child's breast is proper when the witness using it desires thereby to illustrate his criticism of an X-ray photograph of an adult purporting to show a fractured rib, the weight and effect of such illustration being for the jury.

4. PERSONAL INJURIES—*Damages—Loss from Disability to Work —Evidence.* A plaintiff suing for damages attempted to testify what it cost him to have certain work done—he having been disabled by the injury from performing it—and that he had it done as cheaply as he could, which testimony was excluded. *Held,* error, but the result of the trial rendered it immaterial, the verdict against him not being induced thereby.

5. NEW TRIAL—*Newly Discovered Evidence—Cumulative.* The rule that the discovery of cumulative evidence or testimony which by proper endeavor might have been produced on the trial is not sufficient to require a new trial—followed.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed April 10, 1915. Affirmed.

*T. P. Anderson,* and *C. O. Littick,* both of Kansas City, for the appellant.

*Richard J. Higgins,* city attorney, and *W. H. McCamish,* assistant city attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff appeals from an adverse judgment rendered in an action brought by him to recover damages for injuries alleged to have been sustained by reason of a defect in one of the defendant's streets. He charged that at and for a long time prior to the injury there was a hole in the brick pavement, two feet deep, four feet wide and nine feet long; that there was a lot of lumber and building material scattered along on the opposite side of the street, extending past the center; that while driving with a one-horse wagon, loaded with various tools and building material, the plaintiff in going north had to drive to the west of the center of the street on account of the material mentioned, and that after he had passed this material, and while traveling in a northerly direction on the street, he looked back to see if anything had fallen off the wagon, which had been jostled while driving past the building material, and his horse stepped into the hole, causing the front of the wagon to drop into it, thereby throwing the plaintiff out and injuring him.

Various errors are assigned, but the ones relied upon in the brief concern the instructions, the admission of certain evidence and the denial of a new trial.

The plaintiff requested the court to instruct, in substance, that the city was bound to use all reasonable care, caution and supervision to keep its streets in a safe condition for travel by night as well as by day; that when one travels upon the street with due diligence and care he has a right to presume and act upon the presumption that it is reasonably safe for public travel throughout its entire width. These were refused, but

the jury were instructed that before the plaintiff could recover he must prove the negligence alleged, and before the city could defeat his claim upon the ground of his contributory negligence it must affirmatively appear that the plaintiff was guilty of some negligent act or omission, which was the direct and proximate cause of the injury and but for which it would not have occurred; that it was the duty of the city to maintain its paved streets for the full width in a reasonably safe condition for public travel by night and day; that the public had the right to assume that the city had performed its duty.

Complaint is made of the ninth instruction, hinging the right of persons to use and assume the streets to be in reasonably safe condition upon "using reasonable care for their own safety for the purpose of avoiding injury from any obstructions or excavations which may, for any reason, be upon such streets; and where the same may be discovered and avoided by the exercise of the ordinary senses." Counsel insist that the right to use and assume the safety of the streets is inconsistent with the obligation of the user to exercise ordinary care, and that if it is the duty of the city to keep its streets in reasonably safe condition and the public has the right to assume that its duty has been performed "then the traveling public are not under any obligation in the exercise of ordinary care to use their senses to ascertain whether or not there are obstructions or excavations in the street," and that the jury should have been told that the plaintiff was not under any obligation to use his ordinary sense to observe if there were obstructions or excavations therein. The law requires a city to use the care indicated by the instruction complained of in order to relieve it of liability for damages occasioned by a dangerous or defective condition of its streets. It would be a strange law which would authorize one who is voluntarily injured by reason of an obstruction to recover because

the obstruction existed, for that would be practically to countenance self-inflicted injury as a cause of action; but beyond this the law does not afford one redress against another for damages he has brought upon himself, and ordinarily when the negligence of both unite to furnish the cause of the injury the courts will not attempt to apportion the responsibility therefor, but will leave the parties where it found them.

Of course, ordinary care must be gauged by the circumstances of each cause, likewise the use of the senses. What would be exceedingly careless in the daytime might be entirely without fault on the part of one driving in the night, and the rule given by instruction No. 9 is correct.

Complaint is made that instead of charging negligence on the part of the city the instruction left this matter for the jury to decide. The testimony was such that the jury could have had no reasonable difficulty in finding the city negligent, and hence no prejudice resulted. Much criticism is indulged in because of various expressions to the effect that it was the plaintiff's duty to use reasonable care and to exercise his faculties to prevent running into any obstructions or holes in the street, and what he was presumed to have seen and known—some of which, especially in No. 13, should not have been used—but taken together the charge hinges this matter on "the exercise of ordinary care and caution for his own safety, under the circumstances disclosed by the evidence." While it would have been proper, either at the request of the plaintiff, which was not made, or of its own motion, for the court to have applied the rule to the exact situation claimed by the plaintiff—his looking back to see whether articles were about to drop from the wagon while he was moving forward on the assumption that the way was safe—but the jury could and doubtless did consider all the circumstances shown by the evidence, and the only trouble with the charge in this respect is its generality, and as no more concrete or specific instruction was

asked, no prejudicial error appears. There is no doubt that the plaintiff had the right to assume that the street was safe for travel, and such is the rule stated in the instructions; but upon him rested the correlative duty to use what under the circumstances of his particular case at the time was ordinary care on his own part, and this too, was embraced in the charge.

In order to show the nature of the plaintiff's injury an X-ray photograph was used, purporting to show a fractured rib and an injury to the shoulder. In order to elucidate the criticism of this picture another witness offered an X-ray photograph of a five-year-old child's breast to show the location of the ribs. It is urged that this was incompetent and prejudicial. But its significance was for the jury, who were advised that it was the picture of a child and not of a man of plaintiff's age, and like an ordinary map, diagram or model it might be properly used by way of illustration. (See *Shorten v. Judd,* 56 Kan. 43, 42 Pac. 337; *Griffin v. Brick Co.,* 90 Kan. 375, 378, 133 Pac. 574; 1 Wigmore on Evidence, §§ 790-794; 17 Cyc. 414.)

The plaintiff was asked what it cost him to have certain work done which he claimed to be disabled from doing by the injury, and answered, giving the cost. This was stricken out over his objection, and he was not permitted to state whether or not he had it done as cheaply as he could. He should have been allowed to answer both questions, as they were relevant and the testimony called for was competent. As somewhat analogous, see *Mensing v. Wright,* 86 Kan. 98, 119 Pac. 374; *Carey v. Concrete Co.,* 88 Kan. 515, 129 Pac. 191; *Taylor v. Crosswhite,* 91 Kan. 774, 139 Pac. 432; *Bank v. Robinson,* 93 Kan. 464, 144 Pac. 1091; 3 Wigmore on Evidence, §§ 1919, 1920.

A witness testified that the plaintiff told her of a previous injury to his left arm and shoulder. On cross-examination she was asked if in a subsequent conversation with the plaintiff and his counsel she had told

all she knew about the former and his injury, to which question an objection was sustained. It is stated that had she answered in the affirmative the plaintiff and his counsel could have contradicted her and thus affected her testimony. This answer should have been permitted, but as it does not appear what it would have been or what impeachment, if any, would have been offered, it can not be said that any material error is apparent. Likewise with the other excluded evidence, no prejudicial error can be predicated on such exclusion for the reason that it went to the extent of the plaintiff's damage and the jury found that he could not recover in any event, thus rendering such testimony immaterial in view of the result, which could not have been in any wise induced by such ruling.

One of the affidavits of newly discovered evidence offered in support of the motion for a new trial was made by a witness who had testified in the case, and consisted chiefly of statements claimed to have been made by the plaintiff, who had also testified. The other disclosed nought but cumulative evidence, which is insufficient. (*Brown v. Wheeler,* 62 Kan. 676, 64 Pac. 594; *Strong v. Moore,* 75 Kan. 437, 89 Pac. 895; *Shores v. Surety Co.,* 84 Kan. 592, 114 Pac. 1062.)

We have examined and considered each complaint covered by the plaintiff's brief, but are unable to discover any error of a materially prejudicial character which alone will justify a reversal. (*Root v. Packing Co.,* 94 Kan. 339, 147 Pac. 69.)

The judgment is therefore affirmed.