No. 27,968.

J. W. Stoutimore, *Appellee*, v. C. S. Hershner et al., *Appellants*.

(267 Pac. 19.)

Opinion filed May 5, 1928.

*T. D. Relihan* and *A. W. Relihan*, both of Smith Center, for the appellants.

*F. W. Mahin*, of Smith Center, *A. Teeple* and *George E. Teeple*, both of Mankato, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This action is brought by a depositor in the Farmers State Bank, of Esbon, against four of its directors, under R. S. 9-163 and R. S. 9-164, to recover judgment for the amount deposited in that bank by him when the bank was insolvent or in failing circumstances. The demurrer to the evidence of the plaintiff was overruled, the cause submitted to the jury, and a verdict rendered for plaintiff for $172.80. After the overruling of their motion

for a new trial, defendants appeal, assigning as error the admission of evidence, the giving of certain instructions, and the overruling of the motion for a new trial, and claiming that the verdict is not supported by evidence.

The principal contentions are that the bank was not shown to have been insolvent when the deposits were made, and that the assistant receiver of the bank was not shown to have been competent to give opinion testimony as to the value of the assets. The plaintiff made two deposits on May 31 and one on June 1, the latter being made in the forenoon when the bank president and one of the directors were in the bank. The bank was closed by the directors at noon of that day. The plaintiff had an overdraft at the bank before the deposits of the last two days were made and also had outstanding several checks and a note which fell due a few days after the close of the bank. The deposits made by the plaintiff in these last two days were sufficient to cover the overdraft, the outstanding checks and the note and leave a balance to his credit, as shown on the bank receiver's report on file with the clerk of the district court, of $172.80. The plaintiff talked with the president of the bank about the two deposits made on May 31. The assistant receiver in charge of the bank as such after it was closed until the time of the trial testified that the books of the bank showed the reserve of the bank for several days prior to its closing was from $1,300 to $1,600, when it should have been about $7,000. He also testified that he had made an examination of the notes and other property of the bank as of June 1, the day on which the bank closed; that he was familiar with the assets and liabilities as of June 1 and could testify approximately as to their value at that time; that the liabilities were about $165,000 or $170,000, and the face value of the assets was about the same. He gave the opinion that they would not pay out one hundred cents on the dollar.

If this evidence was competent there is sufficient to well support the verdict of the jury. It shows the plaintiff had to his credit on his account with the closed bank from the deposits made the last two days, after paying everything he owed the bank, the sum of $172.80, the amount found by the jury; that the reserve of the bank was only about one-fifth of what it should have been for several days prior to the closing; and that the assets, notes and other property at full face value were only about equal to the liabilities. The assistant receiver gave as his opinion that the assets were not worth

one hundred cents on the dollar. If qualification is necessary for testimony of this character we think the assistant receiver fully · showed it, even for the purpose of giving opinion evidence. He did not testify that the bank was insolvent or in failing circumstances when it received these deposits. He simply told what the liabilities were and what the assets were at that time. He then gave the opinion that the notes and other property were not worth one hundred cents on the dollar. That would show insolvency.

Was he qualified to give such testimony? He did not say he knew the makers of the notes and their individual holdings, but said he had examined the notes and property of the bank, had the records in his possession since the bank closed, and considered himself familiar with the assets and able to give an opinion. This looks to us as the usual line of qualification in such cases. The value of the assets was, of course, an opinion; but is not a bank receiver engaged in such work regularly as capable as anyone to give such opinion?

"One who was accustomed to handling cars of the kind injured, had bought and sold several of them, and was fairly familiar with their value, is a competent witness to give an opinion as to the value of the injured automobile." (*Barshfield v. Vucklich,* 108 Kan. 761, syl. ¶ 4, 197 Pac. 205.)

"Evidence of the cost of a building is not usually evidence of its value at a particular time; but witnesses who are not architects, builders, or contractors may be allowed to state their opinions as to the worth of a building from a general knowledge of it without being able to estimate the value of any of the materials entering into its construction; such inability affecting the weight, but not the competency of the testimony." (*Insurance Co. v. Payne,* 57 Kan. 291, syl. ¶ 3, 46 Pac. 315. See, also, *Hollinger v. Railway Co.,* 94 Kan. 316, 146 Pac. 1034; *Hindman v. Askew,* 9 Kan. App. 98.)

"While witnesses are not required to be expert or skilled in the strict and severe sense of the term in order to give opinions on value, and while there is no inflexible rule defining how much a witness must know in order to be so qualified, it must be made to appear that he has had, and utilized, means superior to those available to the jurors for forming an intelligent opinion." (22 C. J. 578.)

It is said the assistant receiver testified to the ultimate fact in issue to be determined by the jury. We have failed to find this in the evidence abstracted. His evidence is, for the most part, as to the amount of the liabilities and the value of the assets. The work of the jury is to compare those figures and determine whether the bank was insolvent or not and whether or not it was in failing circumstances. The failure to show the extent of the familiarity of the assistant receiver with the makers of the notes and their ability

and disposition to pay affects, as is said in the case of *Insurance Co. v. Payne,* supra, the weight of such testimony, but not the competency of it.

It is urged that the testimony as to value of assets is all as of the time of the trial instead of the time when the deposits were made, viz., on May 31 and June 1. Of course the dates are not named in every question asked or included in every answer. At the beginning of the examination as to assets and liabilities counsel for plaintiff asked this question:

"And have you made such examination as of the date of June 1, 1926, the date that the bank closed?"

A little later the court, in overruling an objection, said:

"I suppose he ought to give the value of the assets and the value of the liabilities, if he can, as of June 1."

This was followed by the following question:

"Can you state approximately the liabilities of the bank at that time?"

While some of the answers are made in the present and some in the future tense, we see nothing to make one think the inquiry concerned any other time than the time when the deposits were made, the last of which was on the day the bank closed.

After a careful examination of the instructions given we find no reversible error in them. The question of excess of verdict is cured by a correction of the journal entry, showing a mere clerical error by reversal of figures and nothing to prejudice any one of the litigants.

The judgment is affirmed.