No. 33,411

MATILDA GESELLE, *Appellee*, v. AMERICAN HOME FIRE ASSURANCE COMPANY OF NEW YORK, *Appellant*.

(68 P. 2d 1097)

Opinion filed June 12, 1937.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the appellant.

*C. L. Kagey, Hal M. Black* and *L. M. Kagey,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action upon a fire insurance policy on household goods and personal effects belonging to the insured and the members of her family, such as are usual or incidental to the occupancy of the premises as a dwelling. The policy was for $2,000. Some of the goods were entirely destroyed and others were damaged. The policy was in the name of the wife and the action was brought for the full amount of the policy, setting forth a list of about 140 articles that were alleged to have been destroyed or damaged.

The defendant in its answer admitted the execution of the policy, the occurrence of the fire on the date named in the petition, and

expressly denied that all of the goods listed as being damaged or destroyed were damaged or destroyed or that they had the value as alleged and claimed by the plaintiff, and prayed that a fair and reasonable value of the property destroyed be determined and judgment be rendered for plaintiff for such amount and that defendant have judgment herein for its costs. The reply was a general denial.

It is stated in the briefs of both parties that defendant on the day the case came to trial offered to confess judgment in the sum of $1,200, evidently under G. S. 1935, 60-2941. The offer was not accepted by the plaintiff, and the case went to trial on the issues. Evidence was introduced by both parties and the jury returned a verdict in favor of the plaintiff for $1,500 and made findings as to the value of or damage to twenty-three articles or groups of articles submitted to the jury by the court for findings. Two of these findings were stricken out on the motion for a new trial, and judgment was rendered for plaintiff for $1,492 and costs, from which judgment the defendant appeals, assigning errors as to the admission of incompetent evidence as to the value of certain articles, the giving of certain instructions and in the allowance of an attorney fee which is claimed to be excessive.

Motion for new trial being overruled, the appellant presents the errors of which it complains as applying to two lists of findings made by the jury. The first list contains five items on which the appellant claims no evidence of value was introduced, and the second list contains seven items on which the appellant claims no competent evidence was introduced. It is frankly admitted by appellant in its brief that "No question is raised in this appeal concerning the damage or destruction of clothing, or the usual and customary household furniture, goods and furnishings."

As to two of the five articles enumerated by the appellant in the first list, we fail to find any evidence of value either in the abstract or the counter abstract, although the amounts found by the jury are quite small. Two other items in this first list are not values, but expenses. One is "matresses cleaned, $10," and the other is "laundry and dry cleaning, $49.80." Of course, cleaning shows in one way the amount necessary to restore the articles to their original value, or nearly so, and thus shows the loss in an indirect way, or the damage suffered in such articles, although it is shown in the testimony that the cleaning did not fully restore them to their condition as it was just before the fire. It would be quite technical to exclude these

last two items, and the other two amounting to a total of $15 will be considered in connection with the next group of seven articles.

As to the second group of seven articles the appellant insists that all the evidence that was introduced as to value of the goods destroyed or damaged was incompetent because the witness did not qualify himself as a competent witness in such matters, and second because the testimony as given was incompetent to prove the value of these articles.

Appellant urges that the owner is the only person who is presumed to know the value of household articles and all others must qualify as to such ability. The plaintiff testified as to articles of wearing apparel, household furnishings such as curtains, drapes, etc., and her husband testified as to most of the articles contained in this group, which are "upright piano, electric stove, Frigidaire, Chinese Oriental rugs, Wilton rugs, books, victrola and radio combined."

Appellant cites the ruling made in *Brenneisen v. Phillips,* 142 Kan. 98, 100, 45 P. 2d 867, "The owner of property is presumed to know its value; his opinion of its value is competent, even if it be not very persuasive," and also the following from *Baker v. Jones,* 141 Kan. 240, 40 P. 2d 346:

"Presumptions are sometimes helpful in boundary cases, when we are in a state of ignorance regarding the facts. The law, however, is realistic, and when we gain knowledge of facts presumptions have. no function to perform." (p. 241.)

The Kansas authorities above cited do not limit the presumption to owners. In 22 C. J. 581 it is said:

"The mere fact of ownership of personal property is usually regarded as sufficient to qualify one to state his estimate of its value."

And in the next section, on page 582, it is said:

"A witness other than the owner may be permitted to state the value of personal property, provided, but not unless, his knowledge on the subject is proved or, as in the case of common articles, can be assumed."

Even if such presumption should be limited to the owner, the husband qualified in this case by showing his knowledge of and familiarity with all these articles, having lived in the home with them and used them, and having purchased nearly all of them. We think that by his preliminary testimony he showed himself to have been sufficiently familiar with the articles to testify as to their value, and this is without regard to the presumption which runs in favor of the owner. Wigmore on Evidence (2d ed.) states this matter in the following language in volume 1, page 1134, section 716:

*"Personal-property value.* Here the general test, that *any one familiar* with the values in question may testify, is liberally applied, and with few attempts to lay down detailed minor tests. The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and courts have usually made no objections to this policy."

The most serious objection of the appellant is to the competency of the testimony given by the husband of the plaintiff as to these seven articles above enumerated, urging that they have ascertainable market values and therefore opinion evidence as to real value is inadmissible whether such evidence is given by the owner or by a stranger. It is said in 22 C. J. 182:

"As a general rule market value rather than actual or intrinsic value governs in cases where the value of personal property is involved, and it is usually considered that actual or intrinsic value can be shown only where the property has no market value."

In 1 Wigmore on Evidence, page 1135, section 717, it is said:

"In short, where there is a market value, the knowledge of the witness must be of this market value."

In *St. L., K. & A. Rly. Co. v. Chapman,* 38 Kan. 307, 16 Pac. 695, it was said:

"The law does not presume or require impossibilities; it only demands and requires the best proof under the circumstances of each case. Where property has a market value the rule is strict, and requires only that value to be shown; but where it is shown that the property is without a market value, then the law allows the next best evidence to be given to ascertain its value." (p. 309.)

In the recent case of *Kerr v. National Fire Ins. Co.,* 141 Kan. 393, 41 P. 2d 726, it was held:

"Where personal property covered by an insurance policy had no market value, its real value, for the purpose of establishing amount of loss under the policy, may be determined from such data as is available, and cost, use and condition are proper elements for consideration." (Syl. ¶ 2.) (See, also, *Hollinger v. Railway Co.,* 94 Kan. 316, 320, 146 Pac. 1034; *Insurance Co. v. Payne,* 57 Kan. 291, 46 Pac. 315, and 2 Jones Commentaries on Evidence, 2d ed., 1318.)

From these authorities it is unquestionably the rule generally, and in this state as well, that evidence as to the actual value or intrinsic value is incompetent until it is shown that the property has no market value.

The husband of the plaintiff was the main witness for the plaintiff as to the value or worth of these seven articles. Before he testi-

fied as to each of these articles he was qualified as to his knowledge of, and acquaintance with, the article and how long such articles had been in use, and in most cases he told of having purchased them himself. But we fail to find any preliminary evidence as to these articles having or not having a market value. Questions were asked as to the worth of each article. Objections were made and overruled and answers were given without any proof that the articles had no market value before or after the fire. This we think was error. In cross-examination the witness in effect admitted that three of these seven articles did have a market value. This would positively make the answers to questions as to their worth incompetent. The trial court so instructed the jury in instructions 10 and 11, but the answers of the husband as to worth or real value remained for consideration of the jury and were not stricken out.

The failure to pave the way for such evidence by showing there was no market value may make the testimony as to the other four articles likewise incompetent, but we shall only apply the rule to the three articles where it was substantially admitted by the witness that they had a market value at the time of the fire. They are, the piano, the electric stove and the Oriental rugs, the loss or damage to which the jury found to be more than $292, the increase of the judgment above the offer made by the defendant for which judgment would be confessed.

The admission of this incompetent evidence would be sufficient to require a reversal, but because of the offer having been made and the amount of the articles damaged or destroyed being found by the jury to be slightly in excess of the difference between the judgment and that offer, we are enabled to apply the provisions of G. S. 1935, 60-2941, by eliminating the excess, supported by such incompetent evidence, and direct the judgment to be rendered for the amount of the offer and the cost of the action after the making of the offer to be taxed to the plaintiff.

It is unnecessary under the circumstances of the case and with the conclusion here reached to consider the other assignments of error except as to the allowance of attorney fee to the attorneys for plaintiff. Appellant insists that the attorney fee allowed is excessive under all the facts and circumstances mentioned in the opinion. We do not think it is within the reasonable construction of the statute, G. S. 1935, 40-908, authorizing the imposing of an attorney fee in fire insurance cases, that the trial court should be expected to

anticipate and estimate the probable worth of legal services that may be necessary in an appeal of the insurance case to the supreme court, and that part of the fee allowed should be entirely eliminated and the fee for services of attorneys in the district court should be reduced to $300.

With these modifications the judgment is affirmed.