595 N.W.2d 530 (1999)
David James GIACOMINO, Appellant,
v.
TRI-STATE INSURANCE COMPANY, Respondent.
No. C4-99-144.
Court of Appeals of Minnesota.
June 29, 1999.
*531 James S. Ballentine, Robert J. Schmitz, Schwebel, Goetz & Sieben, P.A., Minneapolis, for appellant.
Paul C. Peterson, Timothy J. O'Connor, Lind, Jensen & Sullivan, Minneapolis, for respondent.
Considered and decided by AMUNDSON, Presiding Judge, SCHUMACHER, Judge, and HALBROOKS, Judge.

OPINION
SCHUMACHER, Judge.
David James Giacomino appeals from summary judgment by the district court, which found that Giacomino had been fully compensated for the damage to his vehicle and dismissed his declaratory injunction action against respondent Tri-State Insurance Company to force it to release its subrogation rights. Giacomino argues the court valued his vehicle incorrectly and failed to address the issue of subrogation. Tri-State moves to supplement the record. We affirm and deny the motion to supplement the record.

FACTS
Giacomino applied to Tri-State for insurance coverage on his refurbished 1932 Ford High-Boy Roadster. Tri-State issued a policy limiting the liability for damage coverage for a total loss to the value indicated on the declarations page of the policy. The policy required the owner to declare 100% of the car's value. Giacomino declared the vehicle's value at $35,000.
The vehicle was totaled in an automobile accident on June 27, 1996. The other car was driven by Elizabeth Bennett, who was insured by Allstate Insurance Company. Tri-State paid Giacomino $34,000, which was the market value minus $1,000 in salvage value. Allstate then offered to settle with Giacomino for $25,000 under Bennett's liability policy but would pay Giacomino directly only if Tri-State would release its subrogation rights.
Giacomino brought a declaratory judgment action against Tri-State to compel Tri-State to sign the release and declare that Giacomino had not been fully compensated for his loss. Tri-State moved for summary judgment in opposition to Tri-State's motion for summary judgment. Giacomino argued that the vehicle was worth between $70,000 and $80,000 because of "sweat equity" and the unique value it had for him. The court granted summary judgment for Tri-State and ruled that Giacomino had been fully compensated for his loss. Giacomino appeals.

ISSUE
Did the district court err in granting summary judgment?

*532 ANALYSIS
The appellate court asks two questions in reviewing summary judgment: "(1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law." State by Cooper v. French, 460 N.W.2d 2, 4 (Minn.1990). The appellate court must view the evidence in the light most favorable to the party against whom judgment was granted. Fabio v. Bellomo, 504 N.W.2d 758, 761 (Minn.1993). The interpretation of an insurance contract is a question of law applied to the facts presented. Meister v. Western Nat'l Mut. Ins. Co., 479 N.W.2d 372, 376 (Minn.1992).
Giacomino claims there is a genuine issue of material fact in this case regarding the value of his vehicle. He argues that, although the property was a total loss, market value is not an accurate reflection of the "special value" the car had to him and replacement value should be used instead. A fact issue exists only if the district court applied the wrong standard to determine the value of the car. If market value is the correct standard, then the district court properly granted summary judgment because the parties agreed on the market value of the vehicle.
The Minnesota Supreme Court divides damage to personal property into different types, one of which involves property that "is completely destroyed and plaintiff asks for the market value of the property at the time of its destruction." Kopischke v. Chicago, St. Paul, Minneapolis & Omaha Ry., 230 Minn. 23, 29-30, 40 N.W.2d 834, 838 (1950). That situation describes the present case. In addition, Minnesota has a long-standing rule that market value is the proper measure of damages for totally-destroyed property, as long as it can be ascertained. See, e.g., Harrow v. St. Paul & Duluth Ry., 43 Minn. 71, 72, 44 N.W. 881, 881 (1890) (measure of damages for destroyed property is market value).
If the market value is not available or is not accurate, value may be determined in some other way. Hohenstein v. Dodds, 215 Minn. 348, 351-52, 10 N.W.2d 236, 238 (1943) (no market value for sick pigs; proper measure of damages was difference in value). In this case, however, because the destroyed vehicle had an ascertainable market value of $35,000, on which Giacomino and Tri-State agreed, there is no need to determine its value "in some other way."
Giacomino also argues that Tri-State cannot exercise its subrogation rights. Whether a right of subrogation exists is a question of law, subject to de novo review by this court. Suchy v. Illinois Farmers Ins. Co., 574 N.W.2d 93, 95 (Minn.App.1998). An insurer may not assert subrogation rights unless its insured has been fully compensated. Westendorf v. Stasson, 330 N.W.2d 699, 703 (Minn.1983). Because Giacomino was fully compensated by Tri-State, which paid the market value of the vehicle, it is entitled to assert a subrogation interest against Allstate.
Tri-State moved to supplement the record. Because the supplemental materials are no longer relevant, we deny the motion.

DECISION
The vehicle was a total loss and had an ascertainable market value. The market value was the correct measure of damages. Because no genuine issue of material fact exists, the trial court did not err in granting summary judgment for Tri-State. We deny the motion to supplement the record.
Affirmed; motion denied.